**In re Roland F. NEUMANN, Debtor.**

**Bankruptcy No. 4–83–1501.**

United States Bankruptcy Court,
D. Minnesota.

Jan. 13, 1984.

John A. Blumenfeld, Jr., Minneapolis, Minn., for plaintiff/petitioner.

Ian T. Ball, Rasmussen & Ball, Minneapolis, Minn., for respondent.

### ORDER DENYING MOTION TO EXTEND TIME

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter is before the court on the motion of the First National Bank of Minneapolis to extend the time in which it may file a complaint to determine the dischargeability of the debtor's debt to the bank. No notice of the motion was given to the debtor. However, since the disposition of the motion is clearly compelled by the Bankruptcy Rules and is adverse to the moving party, no purpose would be served by requiring notice to the debtor.

The bank claims that the debtor's debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). Section 523(c) requires a creditor who claims its debt is nondischargeable under those two sections to file a request with the bankruptcy court to determine the debt to be nondischargeable. Bankruptcy Rule 7001(6) requires such a request to be made by the filing of an adversary proceeding. Bankruptcy Rule 4007(c) requires a Complaint to determine the dischargeability of any debt pursuant to § 523(c) to be filed not later than 60 days following the first date set for the meeting of creditors. The first date set for the meeting of creditors in this case was October 17, 1983, thus the last date to file this

dischargeability complaint was December 16, 1983.[1] Since the notice of the meeting of creditors and the last date for filing dischargeability complaints was mailed September 13, 1983, the Bank received considerably more than the 30 day notice required by Bankruptcy Rule 4007(c).

The time for filing such a complaint may be extended on the motion of a party in interest; however, Bankruptcy Rule 4007(c) states that "the motion shall be made before the time has expired." The requirement that the motion to extend the time be filed before the time actually expired is a new requirement not found explicitly in the old Bankruptcy Rules. The Rule was apparently intended by the Supreme Court to resolve the ambiguities in the old rule and the resulting split among the courts on the issue. The intent to have a clear unequivocal rule is confirmed in Bankruptcy Rule 9006(b) which deals generally with the enlargement of time. After stating general procedures and requirements for enlarging time, Rule 9006(b)(3) states:

> "The Court may enlarge the time for taking action under Rules ... 4007(c) ... only to the extent and under the conditions stated in those rules."

Thus the clear reading of the Rules requires that the motion be denied.

THEREFORE, IT IS ORDERED:

The motion of the First National Bank of Minneapolis to file a Complaint to determine dischargeability of a debt is denied.

---

1. The notice erroneously stated that December 19, 1983 was the last day for filing such a Complaint. The error actually resulted in creditors receiving three extra days to file Complaints and since the Bank's motion wasn't filed until January 6, 1984, it certainly was not prejudiced by the mistake.