**In re Alan BARR, Debtor.**

**MARATHON RESTAURANT CORP., Plaintiff,**

**v.**

**THREE BROTHERS DEVELOPMENT & CONSTRUCTION CO., INC. and Alan Barr, Defendants.**

**Bankruptcy No. 883–31984–18.**

United States Bankruptcy Court, E.D. New York.

March 18, 1985.

---

Gutman & Gutman, Mineola, N.Y., for debtor.

Lerner, Gordon & Hirsch, Carle Place, N.Y., for plaintiff.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Marathon Restaurant Corp., a creditor and the plaintiff in this action, seeks an order which would permit the late filing of a complaint to determine the dischargeability of a debt. In the alternative, it seeks permission to pursue a state court claim it has commenced against the debtor. The plaintiff contends that it was misled by an order of the court into believing that the time for filing its complaint had not lapsed.

## BACKGROUND

Alan Barr, (the "debtor"), filed a Chapter 7 petition on October 20, 1983. On February 15, 1984 an order for the meeting of creditors was issued. This order correctly stated that the deadline for filing a complaint to determine the dischargeability of a debt was May 7, 1984. However, the date the petition was filed was mistakenly typed in as October 20, *1984* instead of 1983. Plaintiff's attorney received this order in late February, 1984. Realizing that the debtor's petition couldn't possibly have been filed on October 20, 1984, he contends that he assumed that the dates had been switched and that October 20, 1984 was the deadline for filing his complaint.

Plaintiff's attorney states that he discovered that his assumption was false in mid-August, 1984, several months past the actual deadline for filing the complaint.

On October 23, 1984, the plaintiff filed this application to permit the late filing of its complaint. Plaintiff alleges that the February 15, 1984 order notifying him of the time for filing its complaint was "patently confusing" and that its reliance on the typographical error constitutes excusable neglect. Based on plaintiff's purported excusable neglect, this court is asked to enlarge the time in which the plaintiff may file its complaint. For the reasons which

follow, plaintiff's application must be denied.

## DISCUSSION

The law applicable is clear and unequivocal, and, on its face, does not permit the kind of discretionary ruling sought by the plaintiff. Bankruptcy Rule 4007(c) governs the time for filing a complaint to determine the dischargeability of a debt. Regarding extensions, it provides:

> On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion must be made before the time has expired.* (Emphasis supplied.)

The plaintiff has cited numerous cases in support of its position that excusable neglect justifies an untimely request for enlargement. However, all of its cases were decided under the Bankruptcy Rules in effect before January 1, 1979 (the "Former Rules"). Under the current Rules, the court's authority to enlarge time is far more limited.

As a general matter, Rule 9006(b)(1) does permit the court to enlarge time requirements based on excusable neglect:

(b) ENLARGEMENT.

(1) IN GENERAL. *Except as provided in paragraphs (2) and (3) of this subdivision,* when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. (Emphasis supplied.)

However, paragraph (3) of Rule 9006(b) expressly precludes discretionary time en-

largements in dischargeability actions brought pursuant to Rule 4007(c):

> (3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

■ Clearly, the Bankruptcy Rules do not contemplate the concept of excusable neglect in the context of Rule 4007(c). Having examined Rules 4007(c) and 9006, it becomes evident that the court has discretion to enlarge the time to file a complaint to determine the dischargeability of a debt only if the request for enlargement is made *before* the filing deadline. The court has no discretion to grant such a request when it is made after the deadline has past. *See, In re Floyd,* 37 B.R. 890 (Bankr.N.D.Texas 1984); *In re Lane,* 37 B.R. 410, 11 B.C.D. 707 (Bankr.E.D.Va.1984); *In re Waldman,* 33 B.R. 328, 11 B.C.D. 81 (Bankr.S.D.N.Y. 1983); *In re Johnson,* 35 B.R. 79 (Bankr. Conn.1983). "It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of exclusable neglect in failing to timely object to discharge of a claim." *In re Figueroa,* 33 B.R. 298, 300 (Bankr.S.D.N.Y. 1983).

This construction of Rules 4007(c) and 9006 has been further supported by leading commentators. "[I]t appears that the new Rules do not leave room for the application of the 'excusable neglect' doctrine when the deadline for filing a complaint to determine dischargeability has been missed." B. Weintraub & A. Resnick, Bankruptcy Law Manual ¶ 3.10 (Supp.1984).

■ In light of the fact that the plaintiff's application was filed over five months after the filing deadline, the relief requested is untimely and must be denied.

The court recognizes that the inflexibility of Rules 4007(c) and 9006(b) has the potential to force highly inequitable results in some cases. A judicially created exception to the Rules might be warranted where the complaining creditor has not received actual notice. *Cf., In re Zwerling,* No. 884–40203–18 (E.D.N.Y.1985) (creditor whose name was omitted from debtor's matrix was allowed to file a late proof of claim in a Chapter 13 case due to the total lack of notice even though a literal reading of Rule 3002(c) would not permit it). In the case at bar, however, the problem was not lack of notice. The plaintiff's attorney did receive a notice which contained the correct date for filing complaints to determine the dischargeability of a debt.

■ As an alternative form of relief, the plaintiff asks for permission to continue litigating its pending state court claim against the debtor. The court interprets this to mean that the plaintiff is seeking a modification of the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1). However, the plaintiff has shown no cause for such relief.

The debtor is currently engaged in an adversary proceeding in which another creditor, pursuant to § 727, is objecting to the debtor's discharge.

If this creditor does not prevail and the debtor is discharged, the plaintiff's claim will be among those discharged. It will be enjoined from continuing its suit in state court or enforcing any judgment obtained from that suit. 11 U.S.C. § 524(a)(1), (2). It would therefore be imprudent for more time and money to be expended by the plaintiff in pursuit of this litigation at the present time.

CONCLUSION

Accordingly, plaintiff's request for permission to file an untimely complaint to determine the dischargeability of a debt and its request for a modification of the automatic stay are denied. Nothing in this decision, however, prevents the creditor from pursuing its state court claim should the debtor be denied a discharge.

It is SO ORDERED.