In re Herbert B. RHODES, Debtor.

Richard C. DeLESK, Appellant,

v.

Herbert B. RHODES, Appellee.

BAP No. CC–85–1399–VAbM.
Bankruptcy No. LA 84–21211–WL.
Motion No. M5–04696–WL.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Argued and Submitted March 19, 1986.

Decided May 23, 1986.

Suzanne M. Delesk, Santa Ana, Cal., for appellant.

Herbert B. Rhodes, Lomita, Cal., for appellee.

Before VOLINN, ABRAHAMS and MEYERS, Bankruptcy Judges.

VOLINN, Bankruptcy Judge:

The appellant, Richard C. DeLesk, contends that neither he nor his attorney, Suzanne DeLesk, received notice from the bankruptcy court of the deadline for filing a complaint to determine nondischargeability in the Chapter 7 bankruptcy case of the appellee, Herbert B. Rhodes. DeLesk's complaint was filed six months late. The bankruptcy court held it was untimely filed under BR 4007(c), and denied DeLesk's motion for relief from stay, which was filed

four days after the untimely complaint. We affirm.

## I.

In this particular case, the facts are best stated by providing a chronology of dates and events:

May 16, 1984  Richard C. DeLesk filed action against Herbert C. Rhodes in California state court, claiming breach of contract, fraud, and negligence, according to DeLesk's brief.[1]

Oct. 25, 1984  Rhodes filed Chapter 7 bankruptcy petition. Richard (and Suzanne) DeLesk are listed on Schedule A–3 as unsecured creditors with contingent claims, amount unknown.

Oct. 30, 1984  Date of notice from bankruptcy court that November 26, 1984 is date of first meeting of creditors, and January 25, 1985, will be deadline for filing complaints to determine dischargeability of debts. Second page declares, under penalty of perjury, that notice was mailed on Oct. 30, 1984 to "Richard DeLesk, c/o Suzanne De-Lesk, 888 W. Santa Ana Bl., Ste. 200, Santa Ana, CA 92701." Appellant's brief states that "This was the correct address at that time." Declaration of Suzanne DeLesk states that she did not receive this notice from the court.

Nov. 13, 1984  Rhodes was served in the state court action, according to De-Lesk's brief.

Nov. 26, 1984  Date set for first meeting of creditors. Not held because debtor did not appear.

Dec. 10, 1984  Date set for first meeting of creditors. Not held because debtor did not appear.

Dec. 29, 1984  Rhodes himself mailed a copy of his bankruptcy petition to De-Lesk, according to both parties' briefs. Appellant contends that "This was the first notice received by Appellant of Mr. Rhodes' bankruptcy."

---

1. The notation "according to the brief" means that the document referred to is not in the record on appeal.

Jan. 7, 1985  DeLesk filed a "Request to Enter Default" in California state court action, and clerk noted that it was entered as requested. Same form also requested a court judgment under CCP 585(b), (c), 989, etc. DeLesk also filed a 425.11.

*Jan. 25, 1985  Date fixed by bankruptcy court as the deadline for filing complaints to determine dischargeability* of debts under § 523(a)(2), (4) or (6).

Feb. 4, 1985  Attorney for U.S. Trustee filed Motion for Order Dismissing Chapter 7 Case, setting hearing date for March 5, 1985.

Feb. 14, 1985  DeLesk's attorney received notice from bankruptcy court clerk of the hearing to dismiss set for March 5, 1985, according to DeLesk's brief.

March 5, 1985  Hearing in Bankruptcy Court on U.S. Trustee's Motion for Order Dismissing Chapter 7 Case. The bankruptcy judge apparently directed the matter to be restored to the calendar and set April 15, 1985 for meeting of creditors.

March 21, 1985  DeLesk's attorney received notice of bankruptcy court's ruling on March 5, setting new date for creditors meeting, according to DeLesk's brief.

April 15, 1985  First meeting of creditors actually held, according to both parties' briefs.

April 17, 1985  DeLesk filed a Proof of Claim in amount of $610,000.32 as a general unsecured creditor.

July 24, 1985 DeLesk's attorney learned for the first time of the January 25, 1985 deadline for filing complaints to determine dischargeability of debts, according to the Declaration of Suzanne M. DeLesk. She learned it from another creditor's attorney, Charles L. Birke, in a telephone call. Birke has declared that he did not receive notice from the court, either.

*July 25, 1985  DeLesk filed complaint to determine dischargeability* of debt,

according to both parties' briefs. The complaint is not in the excerpts of record.

July 29, 1985  DeLesk filed a Motion to Terminate the Automatic Stay in bankruptcy court.

July 31, 1985  Bankruptcy court entered order of discharge.

Aug. 19, 1985  Rhodes filed answer to DeLesk's complaint to determine dischargeability of debt. His 7th affirmative defense was that the complaint was untimely filed.

Sept. 18, 1985  Hearing in Bankruptcy Court on DeLesk's Motion to Terminate the Automatic Stay. According to appellant's brief: "Judge Lasarow denied Appellant's Motion for failure to timely file said Motion pursuant to Bankruptcy Rule 4007(c). This appeal is taken from this ruling and, in fact, was invited to be done so by Judge Lasarow because of the harsh effects of Rule 4007(c)." No transcript is in the record.

Oct. 18, 1985  Bankruptcy court entered "Judgment After Hearing," which provided: "Plaintiff's Motion for Relief to Terminate the Automatic Stay was denied pursuant to Rule 4007(c) of the Bankruptcy Code." This is the order appealed from.

## II.

The issues on appeal are: (1) what was the deadline for filing a complaint to determine dischargeability; (2) did DeLesk's attorney receive notice from the bankruptcy court as to the deadline for filing such a complaint; and (3) if not, does lack of notice, or "excusable neglect," relieve her from meeting the deadline?

## A.

■  Both parties assume that the deadline for filing a complaint to determine dischargeability is calculated from the date the first meeting of creditors was actually held, i.e., April 15, 1985. Therefore, DeLesk contends that his complaint was filed only 41 days late.

This assumption is incorrect. BR 4007(c) provides, in part:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following *the first date set* for the meeting of creditors held pursuant to § 341(a)....

(Emphasis supplied.)

The "first date set" for the meeting of creditors was November 26, 1984. The deadline fixed by the bankruptcy court for filing complaints was January 25, 1985. The deadline does not change, even if the meeting is continued.

The continuance of the first meeting of creditors does not affect the deadline for filing complaints to determine the dischargeability of a debt because the rule refers to the 'first date set' for the meeting of creditors.

*In re Hill*, 48 B.R. 323, 325 (N.D.Ga.1985).

Therefore, DeLesk's complaint, filed on July 25, 1985, was six months late.

### B.

DeLesk contends that the complaint was untimely filed because she did not receive notice from the bankruptcy court of the January 25, 1985 deadline. Her declaration filed in support of the motion to terminate the automatic stay states, in part:

I first learned of this order [the order dated Oct. 30, 1984] in a telephone conversation with Charles L. Birke [another creditor's attorney] on July 24, 1985. He informed me that I was named on a proof of service list of an Order dated October 30, 1984, setting January 25, 1985, as the last day for filing complaints to determine dischargeability of debt. He asked me if I had received such an order from the court. *I told him that I had never received such an order from the court.* I did not received [sic] such an order until Mr. Birke sent a copy of same to me by mail. *The first information I had about such an order was in my telephone conversation with Mr. Birke on July 24, 1985.*

(Emphasis supplied.) Also in the record is Charles L. Birke's affidavit stating that he did not receive a copy of the order from the court even though he was on the same proof of service list.

BR 2002(f)(6) requires the bankruptcy court clerk to give notice by mail to all creditors of the deadline for filing complaints to determine dischargeability. The clerk is to use the address shown on the list of creditors, unless otherwise advised. BR 2002(g). We note that the address shown on the clerk's proof of service list here was the same as the one shown on Schedule A–3, and, as mentioned earlier, DeLesk admits that it was her correct address at that time. However, assuming *arguendo* that DeLesk did not receive actual notice from the court, the complaint is still untimely.

■ Generally, under the present Bankruptcy Rules, effective August 1, 1983, the bankruptcy court has no discretion to enlarge the time for filing a complaint to determine dischargeability if the request is made after the deadline for filing the complaint. *See, e.g., In re Barr*, 47 B.R. 334, 336 (Bankr. E.D.N.Y.1985), and cases cited therein. BR 4007(c) expressly requires motions for enlargement of time to be made "before the time [deadline] has expired." BR 9006(b)(3) provides that the court "may enlarge the time for taking action under Rule[s] ... 4007(c) ... only to the extent and under the conditions stated in those rules." The Advisory Committee Note commenting on BR 4007(c) flatly states: "If a complaint is not timely filed, the debt is discharged." The Preliminary Draft of Proposed Bankruptcy Rules, dated November 1985, does not recommend that any of these rules be changed.

■ The present rule of "no discretion" is in contrast to the situation under the former Bankruptcy Rules, which allowed the bankruptcy court to grant an extension of time upon a showing of "excusable neglect." *See, e.g., In re Magouirk*, 693 F.2d 948 (9th Cir.1982). Under the former rules, however, there was no deadline for filing motions for enlargement of time as in present BR 4007(c), and there was no ex-

press limitation on enlargement of time as in present BR 9006(b)(3).[2]

The requirement that the motion to extend time be filed before the time expires "is a new requirement not found explicitly in the old Bankruptcy Rules." *In re Neumann*, 36 B.R. 58, 59 (Bankr.D.Minn.1984). By prohibiting what it used to allow, "Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim." *In re Figueroa*, 33 B.R. 298, 300 (Bankr.S.D. N.Y.1983).

At least one court has stated, in dictum, that:

> The court recognizes that the inflexibility of Rules 4007(c) and 9006(b) has the potential to force highly inequitable results in some cases. A judicially created exception to the Rules might be warranted where the complaining creditor has not received actual notice.

*In re Barr*, 47 B.R. at 336.

We share Judge Parente's concern in *Barr* that under some circumstances relief from the harshness of BR 4007(c) and BR 9006(b)(3) should be considered. Even if the procedural rulemaking power should not so drastically delimit a substantive right to a reasonable time within which to sue, this is not a case which warrants such consideration. DeLesk's real problem was her obvious and admitted lack of knowledge of the Bankruptcy Code and Rules. She admits she learned of the bankruptcy petition on or about December 29, 1984. Yet she filed a request for default in state court *after* learning about the bankruptcy, in disregard of the automatic stay, 11 U.S.C. § 362.

There is nothing in the record as to whether she reviewed the bankruptcy court file, a public record. Had she done so upon learning of the bankruptcy, she would have had ample time to meet the January 25, 1985 deadline for filing a complaint.

### III.

The bankruptcy court's "Judgment After Hearing" is AFFIRMED.

---

2. *Magouirk* cited and analyzed former Bankruptcy Rules 404(c), 906(b)(2) and 924 as permitting enlargement after expiration of the time for excusable neglect. Since excusable neglect, as it relates to a dischargeability suit, is now governed specifically by Rules 4007(c) and 9006(b)(1) and (3), the general provision of Fed. R.Civ.P. 60(b) for relief from judgment or order, as provided for by Rule 9024, would not be applicable.