In re Rudy **TOSENBERGER** and Mary **Tosenberger** dba Rudi's Deli, Debtors.

Gene **WOODSON** and Kathleen **Denison**, Plaintiffs,

v.

Rudy **TOSENBERGER** and Mary Tosenberger, Defendants/Debtors.

Bankruptcy No. 584–838.
Adv. No. 585–0183.

United States Bankruptcy Court, N.D. Ohio.

Oct. 27, 1986.

E. Jane Bell, Akron, Ohio, for defendants/debtors.

David E. Williams, Kent, Ohio, for plaintiffs.

## FINDING AS TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

H.F. WHITE, Bankruptcy Judge.

On July 18, 1985 the plaintiffs filed a complaint objecting to the discharge of their debts as scheduled by the defendants-debtors and on the 19th day of August, 1985 the defendants-debtors filed a Motion to Dismiss the complaint.

This court on March 28, 1986 entered an order dismissing the second cause of action and dismissing the motion to dismiss the first cause of action. A hearing was held on the complaint and all parties appeared represented by counsel.

The court finds that the defendants/debtors borrowed the sum of $60,000 from the plaintiffs: the sum of $20,000 being borrowed from Kathleen Denison and the sum of $40,000 from Gene Woodson aka Gilbert E. Woodson. The debtors executed a note evidencing the indebtedness in the amount of $72,000, the difference being represented by interest. As security the debtors gave a mortgage on the premises owned by the debtors at 3858 Ranfield Road, Brimfield, Ohio.

At the time of the granting of this mortgage, there was an indebtedness due to the Huntington National Bank in the amount of approximately $22,000. There was also a judgment lien against the property by Huntington National Bank in excess of $100,000. Additionally, there was another judgment lien against the property by Magdalena Andrasic in the amount of $43,-357.50. Therefore, at the time of the granting of the second mortgage on the property to the plaintiffs by the debtors/defendants, the property was encumbered far beyond its value.

The court further finds that the Tosenbergers initially filed this proceeding as a chapter 13 proceeding on July 18, 1984 and failed to list the plaintiffs in the schedules of the chapter 13 proceeding. There is no evidence that the plaintiffs were aware of the chapter 13 proceedings. On August 17, 1984 the Tosenbergers filed a notice of conversion from chapter 13 to chapter 11.

Subsequently on October 4, 1984 the debtors converted their chapter 11 proceedings to a chapter 7 liquidation proceeding and amended their schedules to include the plaintiffs. Notice was given to the plaintiffs on October 19, 1984 of the conversion of the proceedings and of the first meeting of creditors as provided for under 11 U.S.C. § 341 of the Bankruptcy Code. In the notice of October 12, 1984, the clerk's office failed to set forth the last date by which creditors could file objections to the debt-

ors' discharge, or complaints to determine the dischargeability of debts as provided for under 11 U.S.C. § 523.

Both of the plaintiffs conferred with their counsels upon receipt of the notice from the clerk's office. On November 6, 1984 Attorney David W. Norris filed a proof of claim in the amount of $20,000 on behalf of Kathleen Denison and on November 23, 1984 Attorney Alan G. Sandler filed a proof of claim in the amount of $67,039 on behalf of Gilbert E. Woodson and Kathleen Denison. No further action was taken by the plaintiffs and on the 6th day of February, 1985 this court entered an order granting a discharge to the debtors and notice of the entry of the Order of Discharge was given to all creditors on February 7, 1985.

The complaint for determination of the dischargeability of the debts, or in the alternative, an order revoking the discharge was then filed on July 18, 1985 by the plaintiffs. Based upon these facts, counsel for the defendants renewed her motion for dismissal of the complaint upon the grounds that the complaint was not timely filed.

### ISSUE

Is the failure of the clerk's office to notify the creditors of the last day for filing objections to discharge or complaints to determine the dischargeability of debts as provided for by 11 U.S.C. § 727 and § 523 grounds for the waiving of the bar date for the filing of complaints to determine dischargeability of debts or for filing objections to discharge?

### DISCUSSION OF LAW

A complaint to determine dischargeability of any debt in a chapter 7 case pursuant to § 523(c) of the Bankruptcy Code must be filed not later than sixty days following the date set for the first meeting of creditors. Bankr.R. 4007(c). All creditors must have at least thirty days notice of the time so fixed, and notice must be given by "the clerk, or some other person as the Court may direct." Bankr.R. 4007(c) and 2002(f).

The time so fixed may be extended only upon a motion made before the time has expired. Bankr.R. 4007(c). The court has no discretion to grant such a request after the deadline is past. *See, e.g., In re Ksenzowski,* 56 B.R. 819, 830 (Bankr.E.D.N.Y. 1985); *In re Barr,* 47 B.R. 334, 336 (Bankr. E.D.N.Y.1985) and *In re Nowacki,* 39 B.R. 35 (Bankr.N.D.Ohio 1984).

■ Although the Bankruptcy Rules do not explicitly so state, the conversion of a case from chapter 11 to chapter 7 generates a new time period for filing complaints to determine dischargeability of debts. *F & M Marquette National Bank v. Richards (In re Richards),* 780 F.2d 24 (8th Cir.1985). *See also,* Bankr.R. 1019(3). Creditors are less likely to file dischargeability complaints in a chapter 11 case where reorganization may provide some payments as compared with a chapter 7 case where their rights are determined by liquidation. 780 F.2d at 26.

■ The plaintiffs in this case failed to receive notice of the original chapter 13 petition and of the conversion to chapter 11 due to either the debtors' or their attorney's oversight. When they were added to the schedules as creditors, the clerk's office notified the debtors' attorney to serve them with all notices. Although on October 19, 1984 the debtors' attorney did serve Mr. Woodson and Ms. Denison with a notice of conversion of the chapter 11 case, and a notice of discharge hearing and deadlines, neither notice contained the deadline for filing complaints to determine dischargeability of debts as required by Bankruptcy Rule 4007(c) and case law. However, equity and the circumstances of this case dictate that the complaint in the instant case was so untimely filed as to subject the complaint to dismissal. *In re Riso,* 57 B.R. 789 (D.N.H.1986).

Mr. Woodson and Ms. Denison were represented by an attorney throughout the course of events. Both were represented by the same attorney when the promissory note and mortgage deed underlying the debt were executed. When the debtors

converted their chapter 11 case into a chapter 7 case, both creditors were represented by an attorney who said he'd "take care of everything." In fact, two proofs of claims were filed on behalf of Ms. Denison, one by Attorney David W. Norris and one by Attorney Alan G. Sandler. Both proofs of claims were filed well within the sixty-day period for filing dischargeability complaints. According to the court's records, Mr. Woodson and Ms. Denison were served with a copy of the order granting a discharge to the debtors on February 6, 1985. Discharge of debtor filed February 6, 1985. The order states in pertinent part that:

It appears that the person named above has filed a petition commencing a case under title 11, United States Code on July 18, 1984, that an order for relief was entered under chapter 7 and that *no complaint objecting to the discharge of the debtor was filed* within the time fixed by the court [or that a complaint objecting to discharge of the debtor was filed and, after due notice and hearing, was not sustained], it is ordered that

1. The above-named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523;

(b) unless heretofore determined by order of this court to be nondischargeable, *debts alleged to be excepted from discharge under clauses (2), (4), and (6) of 11 U.S.C. § 523(a).*

(emphasis added). Despite their knowledge of the conversion of the case to a chapter 7 case, Mr. Woodson and Ms. Denison waited more than nine months, and more than six months after filing proofs of claims, to file a complaint to determine dischargeability of debts.

In a case which is factually similar, the Bankruptcy Appellate Panel for the Ninth Circuit held that a complaint seeking to determine dischargeability of debts was un-

timely filed, even though the creditor did not receive actual notice from the court, when the creditor had knowledge of the bankruptcy and filed his complaint six months after the bar date. *Delesk v. Rhodes (In re Rhodes),* 61 B.R. 626 (Bankr. 9th Cir.1986). This court also finds that these creditors waited more than a "reasonable time" within which to file their complaint. *Id.* at 630. The balance has tipped in favor of the "fresh start policy" and away from " 'the uncertainties of excusable neglect in failing to timely object to discharge of a claim.' " *Id.* (quoting *In re Figueroa,* 33 B.R. 298, 300 (Bankr.S.D.N.Y. 1983)). The court is aware of another recent decision on the same issue which is distinguishable on its facts. *Herbert v. Schwartz (In re Schwartz & Meyers),* 64 B.R. 948 (Bankr.S.D.N.Y.1986). In the *Schwartz* decision many of the creditors were not represented by counsel and the creditors did timely act according to the late bar date erroneously set by the clerk's office.

Some courts have recognized that an exception in rare cases may be made to the inflexibility of the bar date where the complaining creditor has not received actual notice and an otherwise inequitable result would occur. *Barr,* 47 B.R. at 336. But equity aids the vigilant, not those who sleep on their rights. Creditors have a responsibility to timely act on their rights under the Bankruptcy Code, and not subject the debtors to " 'the uncertainties of excusable neglect in failing to timely object to discharge of a claim.' " *Rhodes,* 61 B.R. at 630. These creditors chose to wait more than nine months after they received notice of the chapter 7 case, and after they had filed proofs of claims, to file their complaint. They were also represented by counsel throughout their transactions with the debtors and with the estate of the debtors.

As the court finds the renewed motion to dismiss the complaint to be well-taken, it does not reach any other issues raised by the complaint as to the alleged fraud of the

debtors. A separate order in accord with this Finding shall be entered.

## ORDER DISMISSING COMPLAINT

Based upon the Finding as entered by this court on the 27th day of Oct. 1986,

IT IS ORDERED that the complaint of Gene Woodson and Kathleen Denison objecting to discharge of debts filed July 18, 1985 against the debtors, Rudy Tosenberger and Mary Tosenberger, is dismissed.