**In re Larry Patrick CORGIAT and Dorothy Louise Corgiat, Debtors.**

**Bankruptcy No. 286–05992–B–7. Motion No. RD–1.**

United States Bankruptcy Court, E.D. California.

Jan. 25, 1991.

ve burden of the courts in handling claims in those cases where the claims will be ignored because no assets will be available for distribution.  Since most Chapter 7 cases begin and end as no asset cases, the Rule has saved substantial time and storage space for bankruptcy clerks throughout the country.

However, when the no dividend statement goes out to creditors, the time for filing their claims cannot, understandingly, be limited until after a notice to file claims has been sent to them.  Therefore B.R. 3002(c), which sets forth the general rule that "... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors ...", contains an exception in subsection (5) that when the no dividend statement is sent to creditors, they do not have to file their claims unless and until 90 days after the clerk notifies them a dividend may be payable.  The exception has now subsumed the general rule, so that in most cases there is no time limit (bar date) set by the Clerk's office for creditors to file their proofs of claim.

ii] Factual Background.

Because the Debtors' schedules listed non exempt assets from which a dividend might be paid, the 90 day bar date was noticed to listed creditors by the Clerk in this case as required by B.R. 3002(c).  In the end it made no difference whether or not a creditor filed a claim, since no assets were liquidated by the Trustee from which to pay a dividend, and this case was closed in December 1987, like most Chapter 7 cases, as a no asset case.

In July 1985 Borg–Warner Acceptance Corporation (hereinafter "Borg") obtained a default judgment against, among others, Larry and Dorothy Corgiat (hereinafter "Debtors") for $63,422.13 plus interest for damages arising from a breach of a certain lease agreement they had guaranteed. When the Debtors filed their voluntary Chapter 7 petition in November 1986 they failed to list Borg in their schedules. While they do not categorically deny that they were served by Borg, the Debtors assert that they had no knowledge of

Richard Dangler, Sacramento, Cal., for movants/debtors Larry and Dorothy Corgiat.

Howard S. Nevins, Hefner, Stark & Marois, Sacramento, Cal., for creditor Transamerica Commercial Finance Corp.

## MEMORANDUM OF DECISION

DAVID E. RUSSELL, Bankruptcy Judge.

This is a no asset Chapter 7 case with a claims bar date.  Most Chapter 7 cases are no asset cases with a no dividend statement.  The Debtors in this case seek to reopen their case to list an omitted creditor long after the claims bar date has elapsed. The problem presented is one of determining the effect of the claims bar date on the dischargeability of the creditor's omitted claim.

i] The No Dividend Statement.

Under Bankruptcy Rule ("B.R.") 2002(e), the bankruptcy clerk may, if it appears from the debtor's schedules that the case is a no asset case, include a statement with the notice of the meeting of creditors that it is unnecessary to file claims until further notice from the court.  The obvious pur-

Borg's suit (they were moving from Placerville to Sacramento when process was allegedly served) when they filed their petition.

In October of 1989 Transamerica Commercial Finance Corporation (hereinafter "TCFC"), the successor in interest of Borg, contacted Debtors by certified letter, informing them of their inclination to initiate a nondischargeability proceeding due to certain enumerated fraudulent acts allegedly committed by Debtors to its detriment and encouraging settlement negotiations. Apparently discouraged by the Debtors' failure to respond, TCFC obtained a California judgment based upon the 1985 Idaho judgment. Debtors then filed the subject motion to reopen their Chapter 7 case for the purpose of amending their schedules to list the TCFC debt. TCFC objected to the Debtors' motion. In their reply to TCFC's objections, the Debtors offered to waive any time bar to TCFC's right to file a nondischargeability complaint.

iii] Dischargeability of Unlisted Debts.

■ Nondischargeable debts are described and defined in 11 U.S.C. § 523 [1]. All other debts are, by omission, dischargeable. A debt's characterization as one or the other depends only upon a court's interpretation of the definitions contained in § 523; otherwise its nature remains immutable as dischargeable or nondischargeable.

All prepetition dischargeable debts of a Chapter 7 debtor will be discharged under the provisions of § 727(b) [2]. Nondischargeable debts are by definition not discharged. There are, however, two categories of debts that can change their character with the passage of time. Subsection (c) of § 523, coupled with B.R. 4007(c), requires that a creditor holding a nondischargeable claim as defined in subsections (2), (4) and (6) of § 523(a) file an adversary complaint

to determine the dischargeability of that debt not later than 60 days following the first date set for the § 341(a) meeting of creditors. The failure of the creditor to file a complaint within the 60 day period transmogrifies the nondischargeable debt into a dischargeable debt. (*In re Hill*, 811 F.2d 484 (9th Cir.1987)). The other category involves the unlisted debt, or omitted creditor, which is the situation presented in this case. Under certain circumstances, an unlisted dischargeable debt is transmuted into a nondischargeable debt, and an unlisted § 523(c) debt which might otherwise have been transmogrified into a dischargeable debt may still be nondischargeable. The crucial circumstance is whether or not a claims bar date has been set by the court.

Subsection (a)(3) of § 523 specifically deals with omitted creditors and provides in relevant part as follows:

(a) A discharge under [11 U.S.C.] section 727 ... does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under [11 U.S.C.] section 521(1), with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.] (Emphasis added).

---

**1.** All references are to Title 11 of the United States Codes unless otherwise stated.

**2.** § 727(b) provides in relevant part as follows: "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title." (Emphasis added).

The "timely filing" provisions for proofs of claims in § 523(a)(3) are not "triggered" unless a claims bar date is set by the court. Thus, in the typical no asset Chapter 7 case, where the no dividend statement of B.R. 2002(e) is utilized by the clerk and no claims bar date is set, the prepetition dischargeable claim of an omitted creditor, being otherwise unaffected by § 523, remains discharged. In other words, in the typical Chapter 7 case, the debtor's failure to list a creditor does not, in and of itself, make the creditor's claim nondischargeable.

A different result is seemingly mandated by § 523(a)(3)(A) when the clerk, as in this case, sets a claims bar date. *In re Laczko*, 37 B.R. 676 (9th Cir.BAP 1984), *aff'd w/o opinion*, 772 F.2d 912 (9th Cir.1985), was a Chapter 7 case in which a bar date had been set by the clerk. After the expiration of the claims bar date, but before the case was closed, the Laczkos moved to amend their schedules to list an omitted judgment creditor. The facts giving rise to the omitted creditor's claim in that case closely parallel the facts in this case, except that the omitted creditor in *Laczko* apparently didn't raise any nondischargeability issues under § 523(a)(2), (4) or (6). *Laczko* held that, absent actual notice of the bankruptcy by the omitted creditor, § 523(a)(3)(A) clearly excepted the omitted claim from discharge. In reaching this conclusion, the Bankruptcy Appellate Panel rejected the "exceptional circumstances" rule set forth in the case of *Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964) which allows an omitted debt to be discharged in those no asset cases where the debt was omitted through the mistake or inadvertence of the debtors rather than through fraud or intentional laches.[3]

Because the court lacks the discretion to enlarge the time for taking action under B.R. 3002(c) beyond "the extent ... stated in [that] rule" (B.R. 9006(b)(3)), no opportunity remained for the omitted creditor either in *Laczko* or the case now before this court to file a timely claim. Thus, the only remaining issue in the context of a § 523(a)(3) complaint would be one of the extent and timing of TCFC's notice or actual knowledge of these bankruptcy proceedings.

iv] In re Bowen.

Debtors attempt to escape the *Laczko* noose by offering to waive their right to object to the timeliness of any § 523(a)(2), (4), or (6) complaint TCFC might choose to file. This strategy was undoubtedly inspired by the recent Ninth Circuit case of *In re Bowen*, 102 B.R. 752 (9th Cir.BAP 1989). There the Bankruptcy Appellate Panel reversed the Bankruptcy Court's denial of the debtors' motion to reopen their no asset case to schedule an omitted debt after the debtors voluntarily conceded their position under § 523(a)(3) that the creditor had actual knowledge of the bankruptcy in time to file a claim and complaint and, further, waived their right to object to the late-filing of a § 523(c) nondischargeability complaint.

The *Bowen* case is troubling because the Panel assiduously avoids stating whether or not a claims bar date was set by the bankruptcy court, while impliedly criticizing the *Laczko* holding. If no claims bar date had been set (and that appears to be what actually happened) then § 523(a)(3)(A) would not have been triggered. In that event, the *Bowen* creditor would have retained the opportunity to file its proof of claim and that claim would have been deemed dischargeable unless pursuant to § 523(a)(3)(B)[4] that creditor successfully proved that it had a *viable* § 523(c) claim (*In re Lochrie*, 78 B.R. 257, 259 (9th Cir.BAP 1987) citing 1 *Norton Bankruptcy Law and Practice*, § 27:67 (1981); *In re David*, 106 B.R. 126 (Bankr.E.D.Mich.1989)) and that it lacked sufficient notice or knowledge of the case in time to file a timely complaint. As the debtor in *Bowen* had

---

**3.** A Bankruptcy Case from the Central District of California, *In re Bosse,* 122 B.R. 410 (Bankr.C.D.CA.1991) has recently reaffirmed the continuing viability of *Laczko* in this respect.

**4.** In this situation, the complaint to determine dischargeability is authorized by the provisions of § 523(a)(3)(B) and B.R. 4007(b) which create a specific exception to the time constraints of B.R. 4007(c).

agreed to waive the defense that the creditor had sufficient notice in time to file a claim, the only remaining issue was whether the creditor held a viable § 523(c) claim, an issue which the *Bowen* court properly believed to be within the exclusive jurisdiction of the bankruptcy court. Thus, requiring the creditor to file a § 523(c) adversary complaint in the Bankruptcy Court was one effective way to give relief to the debtor.

If, on the other hand, a claims bar date had been set by the bankruptcy court in the *Bowen* case, then the Panel not only implicitly overruled *Laczko* [5], but also necessarily ruled that a bankruptcy court may properly order or parties may properly stipulate to the filing of a § 523(c) complaint outside of the time constraints set forth in Bankruptcy Rule 4007(c). This conclusion appears to fly in the face of the prevailing case law in this jurisdiction. (*Compare, In re Bowen, supra,* 102 B.R. 752 (Implying that a court may order an omitted creditor to file a § 523(c) complaint outside of the deadline imposed by B.R. 4007(c)); *with, In re Hill, supra,* (Courts lack discretion to enlarge time to file § 523(c) complaints absent, perhaps, good faith reliance on court's erroneous statement or action); *In re Lochrie, supra,* 78 B.R. at 260 (Bankruptcy court has no discretion to grant untimely extensions to file nondischargeability complaints); *In re Fauchier,* 71 B.R. 212, 216 (9th Cir.BAP 1987) (No discretion to grant untimely extensions to file [§ 523(a)(2), (4) or (6)] actions is now vested in the bankruptcy courts); *In re Rhodes,* 61 B.R. 626, 629–30 (9th Cir.BAP 1986) (*In accord*); *C.f., In re Anwiler,* 115 B.R. 661 (9th Cir. BAP 1990) (Court has equitable power to permit late filed complaint to stand under "unique circumstance" doctrine when complaint was filed within deadline erroneously set by court)).

■ Where however, as under the present facts, a claims bar date *has* been set and has expired without a claim having been filed by the omitted creditor, the only remaining issue under either subsection (A) or (B) of § 523(a)(3) is whether the omitted creditor (TCFC) had sufficient notice or actual knowledge of the bankruptcy proceedings in time to file a timely proof of claim. (*In re Laczko, supra,* 37 B.R. 676, 678–79). Under these circumstances, and assuming *arguendo* that the court has the jurisdiction to make such an order, it would clearly be inequitable to require TCFC to abandon the more easily established § 523(a)(3)(A) complaint in favor of a § 523(c) complaint.

·v] Reopening Closed Cases.

As should now be clear from the above discussion, the simple act of granting a debtor leave to reopen a case to list an omitted creditor will clearly not "accord relief to the debtor" since listing the omitted debt and creditor does not affect the dischargeability of the omitted obligation. The *Bowen* court notes that a bankruptcy court generally has three options when faced with a motion by a debtor to reopen the bankruptcy case to schedule omitted debts and creditors. It can (1) deny the motion to reopen, relegating the § 523(a)(3)(A) issue to the state court, (2) grant the motion to reopen and personally hear the § 523(a)(3) issue (which it should do if the creditor asserts a § 523(c) claim), or (3) if at the hearing to reopen it has been "conclusively established that the creditor did not have actual knowledge of the bankruptcy, the bankruptcy court [may] refuse[ ] to reopen the case because, pursuant to § 523(a)(3) the debt would not be discharged," and thus no relief would be afforded to the debtor (*In re Bowen, supra,* 102 B.R. 752, 754).

The court is wary of the third option as it seems to require the rendering of a decision by motion on an issue of fact which must ordinarily be considered by way of an adversary complaint, or an appropriate motion for summary judgment. (Bankruptcy Rules 7001(6) and 7056). Also, it seems to this court that once a motion is filed and considered by the court the case *has* been

5. This assumes, of course, that a subsequent Bankruptcy Appellate Panel can overrule a decision of a prior Panel.

reopened for all intents and purposes. In respect to the first option, it seems more appropriate in most instances for the bankruptcy court to hear the matter if one of the parties has taken the trouble to request relief, since bankruptcy courts are more familiar with dischargeability issues. Finally, as to the second option, reopening the case to permit the debtor to list omitted creditors may not afford any real relief, but when coupled with an opportunity, limited in time, for one or both of the parties to file an appropriate pleading, it provides a means of effective relief for both parties.

## DISPOSITION

It would be nonsensical and decidedly unfair to require TCFC to file a § 523(c) complaint and prove elements which it otherwise does not have to prove under § 523(a)(3). This being the case, Debtors' offer to waive any objections to the timeliness of any subsequently filed § 523(c) complaint will be rejected.

While the Debtors have raised the issue that TCFC should have known about their bankruptcy, there is no stipulation between the parties to resolve the matter by motion, and the court will therefore decline to do so. The Debtors' motion to reopen the case and amend their schedules to include TCFC's claim will be granted. The case will remain open for a period of 30 days to permit either party to file appropriate pleadings to determine the one dischargeability issue remaining to be resolved; namely, whether TCFC had actual notice of the Debtors' bankruptcy in time to file a timely proof of claim. If no pleadings are filed, the case shall be closed without further order of the court.

IT IS SO ORDERED.