In re Gerson E. LEWIS, Debtor.

**FIRST NATIONAL BANK OF DEERFIELD, Plaintiff,**

v.

**Gerson E. LEWIS, Defendant.**

**Bankruptcy No. 86 B 4186. Adv. No. 86 A 825.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 20, 1987.

Alan Rauh Orschel of Crowley, Barrett & Karaba, Chicago, Ill., for First Nat. Bank of Deerfield.

James Carmel of Carmel, Marcus & Baker, Chicago, Ill., for debtor.

Mathewson, Hamblet & Casey, Chicago, Ill., for Joseph Cohen, trustee.

## MEMORANDUM AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

The First National Bank of Deerfield ("Plaintiff") has filed a complaint which seeks to bar the discharge of the debtor Gerson E. Lewis ("Debtor") under the provisions of 11 U.S.C. §§ 523 and 727. Joseph Cohen ("Successor Trustee") has joined the Plaintiff as an additional party plaintiff as respects the right of the Debtor to a discharge under the provisions of § 727 (Count II of the complaint.) The Debtor has moved the Court to dismiss the complaint as having been untimely filed in violation of Bankruptcy Rules 4004 and 4007. It is this motion which the Court now decides.

The facts are not in dispute as respects the motion. On November 15, 1985, the Debtor commenced his Chapter 7 in the United States Bankruptcy Court, for the Southern District of Florida. On November 25, 1985, the Clerk of that Court directed notice to creditors, including the Plaintiff, scheduling a meeting of the creditors as mandated by § 341(a) of the Bankruptcy Code. (11 U.S.C. § 341(a). All section references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*) Included in this notice was the deadline date of February 14, 1986 as both the last day for filing a complaint objecting to the discharge of the Debtor pursuant to § 727, and as the deadline for filing a complaint to determine the dischargeability of a debt pursuant to § 523(c). This meeting of the creditors was postponed due to the Debtor's illness.

On January 8, 1986 the Plaintiff filed a motion with the Florida Bankruptcy Court for a change of venue to the Northern District of Illinois, Eastern Division. An order transferring venue of the case was signed on January 28, 1986. On February 6, 1986 the Debtor filed a motion for rehearing. The motion for rehearing was denied on February 12, 1986. Two days later, the deadline for objections to discharge expired.

On March 11, 1986 the Clerk of Florida Bankruptcy Court transferred its file to this Court who received it on March 17, 1986. It is to be noted that the time for filing complaints objecting to both discharge or dischargeability of the Debtor had expired prior to the transfer.

On April 28, 1986 the Clerk of this Court directed a combined notice and order ("combined order") to be sent to all creditors, including the Plaintiff, notifying all parties of the pendency of this proceeding in the Northern District of Illinois, Eastern Division. This combined order is automatically sent out by the Court's computer upon the Court's receipt of a case, whether received by the original filing of a case or by the Court's receipt of a case file due to change of venue. The combined order stated that a meeting of creditors would be held on May 22, 1986 pursuant to § 341(a). The combined order fixed July 22, 1986 as the deadline for all actions under § 523(c) and § 727.

The Plaintiff urges this Court that its complaint, filed on July 22, 1986, is timely because the combined order of April 28, 1986 altered and extended the original dates. Plaintiff argues that this Court, upon transfer of venue, gained exclusive jurisdiction over this matter, thus giving it the power to alter any dates set by the transfer Court by a subsequent order. *In re Miller*, 485 F.2d 74 (5th Cir.1973) *cert. denied sub nom., Landweher v. United States*, 415 U.S. 990, 94 S.Ct. 1588, 39 L.Ed.2d 886 (1974). *Miller* concerned extending the dates for filing of a proof of claim by a transferee Bankruptcy Referee in Louisiana, who received the case from a Bankruptcy Referee in Florida on a change of venue.

This Court finds *Miller* distinguishable from the present case, based on the difference between the bar date for filing a proof of claim, and an objection to discharge or the determination of the dischargeability of a debt. Bankruptcy Rule 3002(c) sets forth six exceptions in which a proof of claim can be filed beyond the ninety day limit, showing a willingness on behalf of the authors of the rules to allow some flexibility in the filing of late claims in certain circumstances. This willingness is not present in either Bankruptcy Rule 4004 or 4007. In

pertinent part, Bankruptcy Rule 4004 provides as follows:

(a) In a Chapter 7 liquidation case, a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than *60 days following the first date set for the meeting of creditors held pursuant to § 341(a).* (Emphasis added.)

(b) ... [T]he court may for cause extend the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.* (Emphasis added.)

Bankruptcy Rule 4007(c) provides as follows:

(c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than *60 days following the first date set for the meeting of creditors held pursuant to § 341(a)* ... [T]he court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis added.)

Bankruptcy Rules 4004(b) and 4007(c) have been construed that once the time for filing discharge or dischargeability complaint expires, it cannot be extended on grounds of excusable neglect or otherwise. *In re Kirsch,* 65 B.R. 297, 300 (Bankr.N.D. Ill.1986); *In re Shelton,* 58 B.R. 746, 748–49 (Bankr.N.D.Ill.1986). Any complaint objecting to discharge must be filed before the time has expired. *See In re Smolen,* 48 B.R. 633, 635 (Bankr.N.D.Ill.1985). ("[M]otion to enlarge the time within which to file a complaint to determine dischargeability must be made before the time to file has expired."). *See also Vaccariello v. Lagrotteria,* 43 B.R. 1007, 1012 (N.D.Ill. 1984) (Trustee's extension of time to object to debtor's discharge in bankruptcy does not extend time for creditors to object to dischargeability of any of the debtor's specific debts.)

The Debtor correctly brings to this Court's attention *Matter of Hill,* 48 B.R. 323 (N.D.Ga.1985). Two of the arguments presented in *Hill* are similar to the Plaintiff's arguments in this case. The first

contention that the *Hill* court found unpersuasive was that the sixty day time limit was tolled until the § 341(a) meeting actually took place. The Bankruptcy Rules make no special provision for automatically extending the filing date for dischargeability complaints in the event of a rescheduling of the first meeting of creditors, and the Court can not read one into them. *Id.* at 325. The deadline date stands, whether or not the § 341 meeting is actually held. *In re Rhodes,* 61 Bankr. 626 (9th Cir.BAP 1986); *In re McDowell,* 57 B.R. 310 (M.D.Penn.1986).

Finally, with respect to the Plaintiff's reliance on the April 28, 1986 computer printout notice, the *Hill* court stated:

... [T]he Bankruptcy Rules do not contemplate the giving of any notice with respect to the due-date for objections to discharge and complaints seeking a dischargeability determination ... a notice given with respect to the due-date for objections to discharge in complaints seeking a determination of the dischargeability of a debt was completely gratuitous and for the benefit for creditors. *Id.* at 325, n. 3.

The combined order of April 28, 1986 was sent out by this Clerk's office automatically when the venue was changed to this Court. The change of venue can not turn back the clock for the objecting creditors. Plaintiff's reliance on the computer notice is unjustified.

This Court is faced with no alternative but to dismiss the complaint as untimely. Bankruptcy Rules 4004, 4007 and 9006(b)(3). If the Plaintiff needed more time to prepare its complaint against the Debtor it should have requested an extension on January 8, 1986, when it petitioned the Florida court for a change of venue. The same order that gave the Plaintiff notice of the proceedings in Florida provided it with the deadline for filing the complaint which is the subject of these proceedings. Plaintiff's knowledge of the Florida proceedings and its appearance in that court to change venue is sufficient evidence that the Plaintiff knew, or should have known, of its rights vis a vis §§ 523

and 727 prior to the deadline date of February 14, 1986.[1]

The Successor Trustee herein, Joseph Cohen, was appointed after the date for filing complaints under § 727 had passed. He was Successor Trustee to the trustee appointed in Florida where the case was originally filed. The Florida trustee had the obligation to investigate and file complaints if the trustee deemed such action appropriate, or to extend the time for filing until an appropriate investigation could be made. Clearly, the Florida trustee had the opportunity to do one or the other.

Though this result is perhaps harsh, its application in this case is clearly not. The rules are an absolute statute of limitation and must be interpreted as such.

NOW THEREFORE IT IS ORDERED that the Debtor's motion to dismiss the complaint of The First National Bank of Deerfield is granted.

See also, Bkrtcy., 68 B.R. 203.

---

**1.** This Court's holding is not inconsistent with *In re Riso*, 57 B.R. 789 (D.N.H.1986) as the objecting creditor in that case had requested and obtained an extension of time within which to file a complaint under § 727. Subsequently, that court sent a routine order, similar to this Court's combined order, which erroneously set a new deadline for filing complaints under § 523 and 727. The First National Bank of Deerfield was not misled like the plaintiff in *Riso* as it had never received an extension of time within which to file a complaint under §§ 523 or 727.