**In re John Frederick ANWILER, Debtor.**

**Gregory PATCHETT and Kathleen Griffin, Plaintiffs,**

**v.**

**John Frederick ANWILER, Defendant.**

Adv. No. C88–0321–B7.
Related Case No. 88–02112–B7.

United States Bankruptcy Court, S.D. California.

April 13, 1989.

Susan Petrovich, Hatch & Parent, Santa Barbara, Cal., for plaintiffs.

David L. Buchbinder, San Diego, Cal., for defendant.

## ORDER ON MOTION TO DISMISS ADVERSARY PROCEEDING

PETER W. BOWIE, Bankruptcy Judge.

This matter came on for hearing on defendant's motion to dismiss the plaintiffs' adversary complaint. This Court has jurisdiction to hear this matter under 28 U.S.C. §§ 1334 and 1447, and General Order 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(I) and (J).

The focus of defendant's motion to dismiss is that plaintiffs' complaint brought under 11 U.S.C. §§ 523, 727 was not timely filed because it was not filed within sixty (60) days of the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341.

Bankruptcy Rule 4004(a) provides in pertinent part:

In a Chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

Subsection (b) of the same Rule authorizes the court to extend the time for filing, but requires that "[t]he motion shall be made before such time has expired."

In the part relevant to the present discussion, Bankruptcy Rule 4007(c) is virtually identical to Rule 4004(a) and (b). Rule 4007(c) provides in pertinent part:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The facts essential to resolution of the instant motion are not in dispute. They are:

1) On or about January 21, 1988, the debtor, John Frederick Anwiler, filed a voluntary petition under Chapter 7 of the Bankruptcy Code (Title 11 U.S.C. § 101 *et seq.*). This petition was filed in the Central District of California, and was assigned Case Number LA88–01307–CA.

2) On or about January 28, 1988, the Clerk's Office of the Bankruptcy Court for the Central District directed that an "Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay" be sent out. This notice was sent to all creditors scheduled by the debtor including Patchett and Griffin. The notice fixed March 22, 1988, as the date for holding the meeting of creditors required by 11 U.S.C. § 341. The notice further provided:

May 23, 1988 is fixed as the last day for filing complaints, as provided in 11 U.S.C. Section 523(c), to determine the dischargeability of debts claimed to be nondischargeable under paragraphs (2), (4), or (6) of Section 523(a); and for filing objections to the discharge of the debtor.

3) On or about February 2, 1988, creditor Gregory Patchett, a co-plaintiff herein, filed a "Motion to Dismiss Petition or In the Alternative Transfer to Another District (San Diego)."

4) Although she contends that the Central District Notice was served on an old address, on or about February 24, 1988, creditor Susan Griffin, a co-plaintiff herein, filed a "Memorandum of Points and Authorities In Support of Motion to Dismiss/Transfer," as well as a Declaration by her attorney in support of the motion.

5) By order of Judge Ashland signed March 3, 1988 and entered March 8, 1988, this case was transferred to the United States Bankruptcy Court for the Southern District of California.

6) This case was received by the office of the Clerk on March 16, 1988, and assigned case number 88–02112–B7.

7) On or about March 29, 1988, the Clerk's Office of the United States Bankruptcy Court for the Southern District of California directed that an "Order for Meeting of Creditors, Combined With Notice Thereof and of Automatic Stay" be sent. This second order set April 20, 1988 as the date for the § 341(a) meeting, and further provided:

June 20, 1988 is the last date for the filing of a complaint objecting to the discharge of a debtor and/or for the filing of a complaint to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c). If no complaint objecting to the discharge of the debtor is filed by the date stated, the debt may be discharged.

8) On or about June 17, 1988, creditors Patchett and Griffin, as co-plaintiffs, filed

the complaint in this adversary proceeding. The complaint alleged that the debt owed to Patchett and Griffin was excepted from discharge under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), and (a)(6), and objected to the discharge of the debtor under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), (a)(4), (a)(5), and (a)(7).

9) Debtor/defendant has moved for dismissal of this adversary complaint on the ground that it was filed beyond the limitation period of 60 days after the date first set for the meeting of creditors under 11 U.S.C. § 341, as prescribed in Bankruptcy Rules 4004(a) and 4007(c).

## DISCUSSION

As a preliminary matter, plaintiffs argue that Bankruptcy Rule 4007(b) is applicable because plaintiffs do not cite § 523(c) in their complaint. Rule 4007(b) provides that "[a] complaint other than under § 523(c) may be filed at any time." This Court views the argument as frivolous.

Section 523(c) provides that debts of a kind set out in § 523(a)(2), (4) and (6) will be discharged unless a creditor requests the court to determine if they are excepted from discharge. A complaint to determine the dischargeability of a debt of a kind identified in § 523(a)(2) or (a)(6) is necessarily a complaint under § 523(c). There is no other statutory authority to seek a judicial determination of the dischargeability of a particular debt under Title 11, United States Code. And it is clear from the face of plaintiffs' complaint that they seek, in part, a determination by this Court that the debt owed to them is excepted from discharge under 11 U.S.C. § 523.

The central issues on this motion are (1) whether a change of venue prior to the actual occurrence of a § 341(a) meeting is the basis for setting a new deadline for filing complaints under § 523 or § 727; and (2) if not, whether some equitable basis exists for extending the time within which such complaints must be filed.

The Court has not been cited to any case in this Circuit which has specifically considered the issue of whether a change of venue operates to extend a filing bar date

regarding dischargeability beyond the date originally set by the transferor court. However, the case of *In re Rhodes*, 61 B.R. 626 (9th Cir. BAP 1986) is instructive on how the time limit of Rule 4007 operates. In *Rhodes*, the court's notice set November 26, 1984 as the date for the first meeting of creditors, and January 25, 1985 as the deadline for filing complaints to determine dischargeability. The debtor did not appear at the original § 341(a) meeting, which was continued to December 10, 1984. Debtor did not appear at the December 10, 1984 meeting, either. Well after the passage of the bar date for filing dischargeability complaints, (and the filing of a motion by the Trustee to dismiss the case for failure to appear at the § 341(a) meetings) the § 341(a) meeting of the debtor was held on April 15, 1985. The creditor/plaintiff subsequently filed a dischargeability complaint on July 25, 1985—six months after the complaint bar date as calculated from the November 26, 1984 date scheduled for the § 341(a) meeting, and 41 days beyond the 60–day period following the date the § 341(a) meeting was actually held.

On plaintiff's appeal from the dismissal of the adversary proceeding as untimely filed, the Bankruptcy Appellate Panel held:

> The "first date set" for the meeting of creditors was November 26, 1984. The deadline fixed by the bankruptcy court for filing complaints was January 25, 1985. The deadline does not change, even if the meeting is continued.

61 B.R. at 626.

The BAP further held that under the Bankruptcy Rules effective August 1, 1983 (and currently in effect):

> ... the bankruptcy court has no discretion to enlarge the time for filing a complaint to determine dischargeability if the request is made after the deadline for filing the complaint.

*Id.*

While the issue in *Rhodes* is whether continuation of the § 341(a) meeting extends the time for filing a § 523 complaint, the holding applies equally well to § 727 complaints.

Patchett and Griffin have urged this Court to consider the Fifth Circuit's decision in *In re Miller*, 485 F.2d 74 (1973), a case under the former Bankruptcy Act. That case addressed the issue of the effect of a Bankruptcy Referee's second notice of the first meeting of creditors, which inadvertently set a deadline for filing claims different from that established by the first notice.

The court held that the Referee had the power to extend the time for filing a Government claim, and that having received a notice in the apparent exercise of that power, the Government was entitled to rely on it.

The court based its decision on Section 57(n) of the former Bankruptcy Act (former 11 U.S.C. § 93(n)), which provided:

Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: *provided however,* that the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States ...

485 F.2d at 76.

The court further noted:

Although the IRS did not apply to the Court for an extension of time, the fact remains that the Court had the power to issue an order extending the time for filing claims in respect to the Government.

*Id.*

In ruling that the late-filed claim would be allowed, the court stated:

The fact that the government was put on notice of the two dates becomes inconsequential when it is realized that the Court had the authority to extend the date and the IRS relied on the apparent exercise of this authority.

485 F.2d at 78. Whatever may be the continuing vitality of the *Miller* decision in light of Bankruptcy Rule 3002(c), this Court is not persuaded that its reasoning regarding late-filed claims extends to complaints objecting to discharge or to determine the dischargeability of a particular debt.

*In re Lewis,* 71 B.R. 633 (Bankr.N.D.Ill. 1987), involved a debtor who filed a Chapter 7 petition in the Southern District of Florida. The clerk of the court directed that notice of the filing be issued and served, including the first date set for the meeting of creditors and the bar date for filing complaints under §§ 523(c) and 727. Before the bar date had passed, the plaintiff moved to change venue to the Northern District of Illinois, Eastern Division. This motion was ultimately granted. Following the transfer, the clerk of the court in the Northern District of Illinois directed a combined notice be sent to all creditors. The notice included a new date for the first meeting of creditors and a new bar date for the filing of actions under §§ 523(c) and 727.

The court distinguished *Miller* on the basis of the difference between the bar date for filing a proof of claim, and an objection to discharge or the determination of the dischargeability of a debt, and noted:

Bankruptcy Rule 3002(c) sets forth six exceptions in which a proof of claim can be filed beyond the ninety day limit, showing a willingness on behalf of the authors of the rules to allow some flexibility in the filing of late claims in certain circumstances. This willingness is not present in either Bankruptcy Rule 4004 or 4007.

71 B.R. at 634.

As in this case, the creditor in *Lewis* had appeared in the court where the petition was originally filed, prior to the running of the bar date for filing actions under §§ 523(c) and 727, to move for a change of venue.

If the Plaintiff needed more time to prepare its complaint against the Debtor it should have requested an extension ... when it petitioned the Florida court for a change of venue. The same order that gave the Plaintiff notice of the proceedings in Florida provided it with the deadline for filing the complaint which is the subject of these proceedings. *Plaintiff's knowledge of the Florida proceedings.*

*and its appearance in that court to change venue is sufficient evidence that the Plaintiff knew, or should have known, of its rights vis a vis §§ 523 and 727 prior to the deadline date.*

71 B.R. at 635–636 (emphasis added).

In the view of this Court, *Rhodes* establishes that the key date is the "first date set" for the § 341(a) meeting, regardless of whether the meeting is actually held. The "first date set" then is the cornerstone for determining when complaints under § 523 and § 727 must be filed. In the instant case, the "first date set" was March 22, 1988. Pursuant to Bankruptcy Rules 4004 and 4007, complaints under § 727 and § 523 had to be filed not later than 60 days after March 22, 1988. The instant complaint was not filed until June 17, 1988.

Plaintiffs have cited this Court to no authority for the proposition that a change of venue somehow starts a new period of time within which to file complaints under § 727 or § 523. Nor has the Court found any such authority on its own. Moreover, this Court is persuaded that a change of venue, by itself, does not have such an effect.

From an equitable perspective, the more difficult question concerns whether creditors should be given additional time to file such complaints when they are given a second notice setting a new filing bar date, as occurred in the present case. Several cases have confronted the issue and have reached different conclusions.

The main case supporting equitable relief for a creditor under circumstances similar to the case at bar is *In re Riso*, 48 B.R. 244 (Bankr.D.N.H.1985), *aff'd* 57 B.R. 789 (D.N.H.1986). In *Riso*, the debtor originally filed his petition in June, 1984 in the Southern District of Florida. The court there issued a notice setting the § 341 hearing and correspondingly, the deadline for objecting to discharge. The deadline was September 7, 1984. The creditor received notice of the filing and moved to transfer the case to New Hampshire, alleging improper venue. The motion was granted.

On September 4, 1984 the creditor moved for an extension of time to object to October 27, 1984. The motion was filed in the New Hampshire court, and was granted. Thereafter, the clerk's office in New Hampshire sent out a new notice setting a § 341 hearing and purporting to fix a new deadline for objections to discharge 60 days after the date set for the § 341 meeting.

In its opinion, the New Hampshire court recognized that the notice was erroneous, and that the deadline was in fact October 27, pursuant to the extension previously granted. However, the court concluded that equity required it to correct what it styled as the court's own mistake. The court found the authority to do so under 11 U.S.C. § 105. In a separate opinion, the district court affirmed. *In re Riso*, 57 B.R. 789 (1986).

The *Riso* decision purported to distinguish another decision, *In re Richards*, 43 B.R. 554 (Bankr.D.Minn.1984), *aff'd sub nom F & M Marquette Nat. Bank v. Richards*, 47 B.R. 423 (D.Minn.1985), on the ground that *Richards* did not involve a change of venue.

In *Richards*, the debtor filed under Chapter 11 on December 13, 1983. Notice of the § 341 meeting was sent, and also indicated complaints objecting to discharge must be filed by April 9, 1984. On April 2, 1984 the court granted an extension to July 9, 1984 for one creditor. On April 12, 1984 the case was converted to Chapter 7. The clerk's office sent a new notice setting a new § 341 hearing and also a new bar date for complaints objecting to dischargeability. That new date was August 6, 1984. The creditor relied on the new notice and filed its complaint on August 2, 1984. Thereafter, the debtor moved to dismiss on the ground that the complaint was not timely filed.

Notwithstanding recognition of a requirement for a new § 341 meeting after conversion to allow creditors to elect a trustee, the court concluded no new time period was created within which to object to dischargeability after conversion. The court wrote:

Regarding determination of intent by omission, the Court observes that Rule 4007(c) clearly fixes the time within which dischargeability actions can be brought under § 523(c). The time prescribed is absolute unless the Court, for cause, extends the period on motion made prior to expiration of the time fixed by the Rule. Not only is this evident from the plain language of Rule 4007(c), but the limitations are further codified by Rule 9006(b)(3).

The promulgation of Rule 4007(c) presents a substantial departure from practice prior to its effective date. The Rule's predecessor [sic], Rule 409(a)(2), provided an initial fixed period of 90 days for bringing such dischargeability actions, but allowed the Court to extend the time for cause on motion after the period fixed had expired. The evolution of Rule 4007(c) clearly indicates the intent of the Supreme Court to establish a fixed period in which to bring dischargeability actions under § 523(c), with the limited exception of cause shown on motion made prior to its expiration. The mere omission of a particular conversion scenario in rule 1019(3) does not justify an inference that the Supreme Court intended thereby to erode proscriptions plainly stated in Rules 4007(c) and 9006(b)(3).

43 B.R. at 558–559. The *Richards* court stated that "it is clear that the intent of Rule 4007(c) is that the right to file is lost if not exercised within the period allowed by the Rule." 43 B.R. at 560. Finally, in response to the creditor's equity argument, the court wrote:

Plaintiff's argument that the filing of this adversary proceeding should be allowed as timely because it relied on notice sent out by the Clerk's office is not persuasive. The Clerk's office cannot alter substantive rights of parties in a bankruptcy case. Rule 4007(c) clearly leaves the Court itself without discretion to enlarge the filing period and, should the court do so in this case, such an enlargement would not be sustainable.

43 B.R. at 563. The Bankruptcy Court's decision was affirmed on review by the district court. 47 B.R. 423.

The case of *In re Barr*, 47 B.R. 334 (Bankr.E.D.N.Y.1985), involved an erroneous date of filing of the bankruptcy petition in the notice setting the § 341 meeting and fixing the last date for filing objections. Except for the petition filing date, the other dates were correctly set out. However, the creditor contended it was misled by the erroneous date and thought that date was the deadline. In rejecting the creditor's position, the court wrote:

Clearly, the Bankruptcy Rules do not contemplate the concept of excusable neglect in the context of Rule 4007(c). Having examined Rules 4007(c) and 9006, it becomes evident that the court has discretion to enlarge the time to file a complaint to determine the dischargeability of a debt only if the request for enlargement is made *before* the filing deadline. The court has no discretion to grant such a request when it is made after the deadline has past. (Citations omitted) "It is clear that by prohibiting that which which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of exclusable [sic] neglect in failing to timely object to discharge of a claim." *In re Figueroa*, 33 B.R. 298, 300 (Bankr.S.D.N.Y.1983).

47 B.R. at 336. *Accord In re Smolen*, 48 B.R. 633 (Bankr.N.D.Ill.1985); *In re Shelton*, 58 B.R. 746 (Bankr.N.D.Ill.1986); *In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill.1986). As Judge Ginsberg wrote in the latter case:

The result is automatic and sometimes leads to harsh results. However, Congress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations in order to prevent debtors from being harassed by creditors after their claims had been discharged in bankruptcy. Once the time expires, it cannot be extended on grounds of excusable neglect or otherwise.

65 B.R. at 299–300.

█ In the instant case, the creditor-plaintiffs knew of the original bankruptcy

filing in the Central District of California. More importantly, they affirmatively sought the assistance of that court in requesting a change of venue, which was granted. They had opportunity to seek an extension to file their complaint. This Court disagrees with *In re Riso* to the extent it concludes that a change of venue is a more compelling circumstance for equitable relief under § 105 than a conversion under § 348, as discussed in *In re Richards*. Pursuant to § 348 a conversion constitutes a new order for relief, which triggers a new meeting under § 341. But the deadline for filing complaints objecting to dischargeability is calculated from the first date set for the meeting of creditors, not the first date the meeting is actually held, much less a continued hearing date. *Matter of Hill*, 48 B.R. 323 (N.D.Ga.1985).

For all the foregoing reasons, the Court concludes that the complaint filed in the instant case by creditors Patchett and Griffin was not timely filed. Accordingly, the complaint shall be, and hereby is, dismissed.

Counsel for the debtor/defendant shall prepare and lodge a proposed order of dismissal within fifteen (15) days of the date of entry of this Order.