**In re SUMMIT CORPORATION a/k/a Summit Financial Corporation, John A. Grant, Summit Financial Corporation, Summit Management Corporation, Summit Insurance Agency, Inc., the Summit Companies, Inc., Debtors.**

**Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**John A. GRANT, Summit Corporation, and Summit Financial Corporation, Defendants.**

Nos. 87–10830–CJK, 87–10831–CJK, 87–11534–CJK, 87–11535–CJK, 87–11536–CJK and 87–11537–CJK.
Adv. No. 89–1410.

United States District Court,
D. Massachusetts.

Jan. 2, 1990.

Paul J. McTague, Deputy Regional Solicitor, U.S. Department of Labor, Boston, Mass., for plaintiff.

Daniel Lyne, Hanify & King, Boston, Mass., for defendants.

MEMORANDUM

CAFFREY, Senior District Judge.

Plaintiff, Elizabeth Dole, Secretary of Labor, United States Department of Labor, is charged with the responsibility of protecting the interests of participants in and beneficiaries of employee benefit plans, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). On October 29, 1987, in the United States District Court of the District of Massachusetts, the Secretary brought an action against John A. Grant, Summit Corporation, and Summit Financial Corporation for breach of their fiduciary duties under ERISA. The Secretary's complaint specifically alleged that the defendants had advised Plan trustees to invest in loans and promissory notes of corporations in which the defendants held a substantial ownership or other financial interest which they concealed from the trustees of the funds. The complaint further alleged that the defendants had transferred Plan assets directly to the accounts of defendants Summit Financial and John Grant and to various corporations in which the defendants held a substantial ownership or other financial interest. In her complaint, the Secretary requested the Court to enjoin the defendants from serving as fiduciaries to ERISA covered plans in the future and to require them to reimburse thirty-one employee benefit plans named in the complaint for any losses resulting from the defendants' alleged breaches of fiduciary duties.

In a letter dated October 30, 1987, the Secretary notified the bankruptcy court of the ERISA action and of her position that the ERISA action was exempt from the automatic stay provisions of the Bankruptcy Code under the exception of section 362(b)(4). In this letter, the Secretary also notified the bankruptcy court that she was then attempting to determine the monetary damage, if any, suffered by the employee benefit plans as a result of the violations alleged in the ERISA complaint. On November 13, 1987, the Secretary of Labor filed with the bankruptcy court a contin-

536

gent, unliquidated, proof of claim based on the ERISA complaint filed on October 29, 1987.

The bankruptcy court established a deadline of August 31, 1988 for the filing of adversary complaints by the creditors of John A. Grant, Summit Corporation, and Summit Financial Corporation. On May 24, 1989 the bankruptcy trustee filed adversary complaints against the trustees of twenty-six of the pension plans named in the Secretary's ERISA complaint, seeking to avoid fraudulent conveyances or, alternatively, to avoid insider preference payments alleged to have been made by Summit corporation and Summit Financial Corporation by and through its President, John A. Grant. Thereafter, on August 31, 1989 the Secretary filed an adversary complaint to determine the dischargeability of a contingent debt. In this adversary complaint, the Secretary seeks to prevent the discharge of a contingent debt owed to the Secretary by Summit Corporation, Summit Financial Corporation and John A. Grant as a result of the fraud and preference payments alleged in the bankruptcy trustee's adversary complaints against the trustees of the pension plans. The Secretary's adversary complaint asserts that the contingent debt is nondischargeable under the provisions of section 523(a)(4) of the Bankruptcy Code because the bankruptcy trustee's allegations of fraudulent conveyances and insider preference payments, if upheld by the court, would constitute fraud or defalcation by the defendants while acting in a fiduciary capacity.

Defendant John A. Grant now moves this Court to dismiss the Secretary's adversary complaint as time-barred because it was filed one-year after the August 31, 1988 deadline established by the bankruptcy court for the filing of adversary complaints by creditors of the defendants. The Secretary opposes Grant's motion to dismiss, arguing that until May 24, 1989 when the bankruptcy trustee filed complaints against the trustees of various pension plans, she had no actual knowledge of a contingent debt potentially owed by the defendants to the pension plans for fraud and defalcation. Because she had no knowledge of this debt

until after the deadline, the Secretary maintains that her adversary complaint for dischargeability of debt should not be dismissed as time barred.

In the Secretary's dischargeability complaint, the Secretary asserts that the contingent debt is nondischargeable pursuant to section 523(a)(4) of the bankruptcy code which provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

* * * * * *

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C. § 523(a)(4). Section 523(c) provides, however, that a debtor shall be discharged from a debt specified in section 523(a)(4) unless upon the creditor's request, the court determines that such debt is excepted from discharge under section 523(a)(4). 11 U.S.C. § 523(c).

▪ Rule 4007(c) provides the time limitation for filing dischargeability complaints under section 523(c):

(c) Time for filing complaint under § 523(c) in chapter 7 liquidation and chapter 11 reorganization cases; notice of time fixed.

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankr.Rule 4007(c), 11 U.S.C. Under Rule 4007(c), the Secretary's complaint was clearly untimely. The Secretary did not file her dischargeability complaint until one-year after the deadline and did not move the court for an extension prior to the deadline. Accordingly, the Secretary's complaint should be dismissed as untimely unless the contingent debt at issue in the

complaint falls within an exception to Rule 4007(c)'s fixed limitations period.

Section 523(c) allows for one exception to the time requirements of Rule 4007(c)—the exception contained in section 523(a)(3)(B). Section 523(a)(3)(B) excuses late filing of a dischargeability complaint regarding a debt specified in section 523(a)(4) if the debt was not listed or scheduled in time to permit "timely filing of a proof of claim and timely request for a determination of dischargeability ..., unless such creditor had notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. § 523(a)(3)(B). In this case, the Secretary is not excused under section 523(a)(3)(B) for her late filing of the dischargeability complaint. Although the debt at issue in the complaint was not listed or scheduled, the Secretary clearly had knowledge of the bankruptcy prior to the deadline. The Secretary had filed a proof of claim regarding the ERISA claim brought in district court and in a letter dated October 30, 1987 the Secretary had notified the bankruptcy court of the ERISA claim. In this letter the Secretary stated that "any action on the part of the Secretary to execute on any judgment obtained in the civil case or to recover any money the defendants are found to owe the plans will first be processed through the bankruptcy proceeding." Thus, the Secretary had actual knowledge of the bankruptcy case prior to the deadline and the debt does not fall within the exception of section 523(a)(3)(B).

Although she had knowledge of the bankruptcy case prior to the deadline, the Secretary argues that she did not have knowledge of this contingent debt for fraud or defalcation, potentially owed by the defendants to the pension plans, until the bankruptcy trustee filed adversary complaints against the trustees of various pension plans on May 24, 1989. The defendant disputes the Secretary's assertion that this debt arose after the deadline. The defendant argues that this claim for fraud or defalcation asserted in the Secretary's dischargeability complaint is the same claim and arose out of the same set of facts as the Secretary's ERISA claim for which she filed a proof of claim prior to the deadline. Because the Secretary thus had knowledge of the debt and knowledge of the bankruptcy case, the defendant contends, the Secretary's dischargeability complaint was untimely without excuse.

Discussion of whether the Secretary had knowledge of this debt prior to the deadline or whether the claim asserted in the dischargeability complaint is the same or different from the ERISA claim is unnecessary. Unlike the old Bankruptcy Rules which gave the court discretion in allowing late filing and granting extensions, Rule 4007(c) is strictly interpreted and applied. *Neeley v. Murchison,* 815 F.2d 345, 346 (5th Cir.1987); *In re Anwiler,* 99 B.R. 41, 46 (Bankr.S.D.Cal.1989); *In re Harrison,* 71 B.R. 457, 459 (Bankr.D.Minn. 1987); *In re Neumann,* 36 B.R. 58, 59 (Bankr.D.Minn.1984). Rule 4007(c) establishes a fixed limitations period and further constrains the granting of extensions. *Neeley,* 815 F.2d at 346; *Anwiler,* 99 B.R. at 46. Thus, under Rule 4007(c), the court may grant an extension only where a motion for extension is brought prior to the deadline and the court finds "cause" for extending time. Moreover, Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the "excusable neglect" standard in permitting time enlargement by providing that "[t]he court may enlarge the time for taking action under Rule[ ] ... 4007(c) ... only to the extent and under the conditions stated in [that] Rule[ ]." Bankr.Rule 9006(b)(3), 11 U.S.C. The exception found in section 523(a)(3)(B) is the only exception to the time limitation and conditions of Rule 4007(c). This strict limitations period, mandated by Rule 4007(c) and Rule 9006(b)(3), is designed to further the fresh start goals of bankruptcy relief by requiring creditors to promptly join their objections to discharge in order that the debtor and other participants in the proceedings may enjoy finality and certainty of relief. *Harrison,* 71 B.R. at 459.

Constrained by the mandates of Rules 4007(c) and 9006(b)(3), this court will not except the Secretary from the fixed limitations period of Rule 4007(c) and allow her to file this complaint to determine dis-

chargeability one-year after the deadline. Similar to the court in *In re Braun*, this "court has not found any case which somehow explains away this proviso to § 523(a)(3)(B) to permit a creditor, who has timely notice or knowledge of the case but is unaware of the basis for a potential § 523(a)(4) complaint until after the Bankr. Rule 4007(c) statute of limitations has run, to file such a complaint under § 523(a)(3)(B)." *In re Braun*, 84 B.R. 192, 194 (Bankr.D.Oregon 1986). Accordingly, because the Secretary filed her complaint to determine dischargeability one-year after the deadline and had actual knowledge of the bankruptcy case prior to the deadline, her complaint is untimely and should be dismissed.

ORDER accordingly.