**In re Chang Bum PARK, Debtor.**

**Bankruptcy No. 92–44035–2–7.**

United States Bankruptcy Court, W.D. Missouri.

May 27, 1993.

Lyle L. Odo, Platte City, MO, for Landmark KCI Bank.

Jackie Bailey, Marceline, MO, for debtor.

Robert A. Pummill, trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Chang Bum Park (hereinafter debtor) filed a voluntary petition for relief on August 25, 1992, in the Northern District of Illinois. Debtor's major creditor was (and is) Landmark KCI Bank of Kansas City, Missouri (hereinafter KCI). It was filed as a "no-asset case" and was similarly so reported by Allan J. DeMars, the panel trustee in Chicago.

KCI filed a "Motion for Change of Venue" on September 25, 1992. KCI alleged that debtor had deliberately defrauded it; that it was the major creditor; that debtor had never resided in the Northern District of Illinois; and that if there was any appropriate place for a bankruptcy, it was in this district. The scheme allegedly involved the debtor depositing to his account in KCI certain fraudulently obtained checks from his confederate, one Jae Hyun Ju, who, like debtor was employed by the same company upon which the subsequently dishonored checks were drawn. Apparently since they were company checks (although drawn on a bank in Texas) early credit was given and some $15,691.18 was paid out by KCI before the denouement came to pass in August of 1987.

Debtor had departed the immediate (and distant) environs and could not be located in the United States until July, 1992. He was then arrested at the Chicago International Airport upon his arrival from Korea as a result of an outstanding warrant for the alleged fraudulent check scheme used to defraud KCI. Bankruptcy soon occurred.

KCI sought change of venue under 28 U.S.C. § 1412. It was vigorously opposed by debtor and his counsel. On November 25, 1992 the case was transferred to this District by the Honorable Erwin I. Katz, United States Bankruptcy Judge. Judge Katz's Order found that "the convenience of the parties and the interest of justice would be best served" by such a transfer. The file was actually received by this court on December 21, 1992.

The Clerk of the Court scheduled a new 11 U.S.C. § 341 meeting but same was cancelled after receipt of a letter from debtor's Illinois counsel pointing out that neither a new 11 U.S.C. § 341 meeting should have been scheduled or a new bar date established for 11 U.S.C. § 523 or § 727 actions. On January 6, 1993, a Notice of Transfer was executed and the original bar date of December 14, 1992 reestablished.

. KCI filed a Motion and Suggestions on January 8, 1993 "For Leave to File Complaint Against Debtor" and hearing was set for February 22, 1993 but later extended to March 22, 1993 at the request of debtor's counsel. Hearing was had on that date, and was vigorously contested by counsel for debtor.

■ Debtor's contentions may be rather neatly summarized in the following syllogism. The major premise is: that the transfer of the case to this District at KCI's request, brought with it all of the baggage attendant thereto, including the first meeting of creditors, the bar date, the appointment of trustee, et al.; the minor premise is: that this transferred case had and has a bar date of December 22, 1992; and the conclusion then being: that the bar date having passed and gone and any adversary action under § 523(c) or § 727(a) based on fraud or bad checks or conspiracy cannot be authorized to be filed after December 22, 1992.

Denial of the authority and power of any judge is always unpopular and sometimes dangerous. However, in this case the court believes that counsel for debtor is correct and that the message, while unpopular, must be heeded.

Bankruptcy Rule 4004(a) provides that any complaint objecting to a debtor's discharge under § 727(a) shall be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to § 341(a). Bankruptcy Rule 4004(b) provides that a Court may extend for cause the time for filing such complaint but it also provides that the motion for such an extension shall be made "before such time has expired". Bankruptcy Rule

4007(c) provides that a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to § 341(a). That same rule and section provide that an extension for cause may be granted but once again explicitly require that the motion to extend the time shall be made before the original period has expired.

 When the case was filed in the Northern District of Illinois, a § 341(a) first meeting of creditors hearing was scheduled. At the moment that that hearing was scheduled and notice served, the time frame was set by which the bank had to file its adversary action alleging either that debtor should not receive a discharge under § 727(a) or that the debt debtor owed to KCI should not be discharged under § 523(c). There is no contention by KCI that it did not receive notice of the filing and the respective bar dates. Thus when the case was transferred to the Western District of Missouri, this Court was without jurisdiction to extend the time to allow the filing of the bank's complaint under either § 727 or § 523, simply because the time had already run. There is nothing in the Bankruptcy Reform Act of 1978, any of the amendments thereafter, or anything in the rules which extends the 60 day time frame from the first scheduled meeting of creditors unless a motion is filed within the specified time.

Although neither debtor nor KCI have cited it to the Court, the Court has found one case which seems to be on all fours with the instant case. That is *In re Lewis*, 71 B.R. 633 (Bkrtcy.N.D.Ill.1987) wherein Attorney James Carmel of Chicago convinced the Honorable John D. Schwartz, Chief Judge of the Bankruptcy Court in that district to the same conclusion as the undersigned reaches. Beyond that one case, this Court has found no case authority and, therefore, relies on the plain meaning of the respective Bankruptcy Rules cited herein.

Accordingly the Court must decline the bank's motion to allow it to file an adver-

sary action out of time and the Court hereby does so. However, the Court notes that the bank is not without a potential of reaching the same result, provided that the bank has appropriate evidence. For that reason, the Clerk is directed not to enter a discharge for thirty (30) days from the date of this Order.

The present motion by the bank must be ruled against it and the motion to extend time is hereby DENIED.

SO ORDERED.