In re Robert G. LEEDBERG, and
Marylyn C. Leedberg,
Debtors.

Bankruptcy No. 95–13755–WCH.

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

Dec. 6, 1995.

Alexander L. Cataldo, Boston, MA, for Movants.

Leonard Ullian, L. Ullian & Associates, Braintree, MA, for Debtors.

### MEMORANDUM DECISION

WILLIAM C. HILLMAN, Bankruptcy Judge.

On September 26, 1995, B. Ann Whittaker, James F. Whittaker, E. Douglas Whittaker, Catherine Cryan and Maxine Seavey (the "Movants"), filed a Motion Pursuant to Fed.

R.Bankr.P. 9024 Seeking Nunc Pro Tunc Order Extending Deadline for Filing Complaint(s) Objecting to Discharge Under 11 U.S.C. Sections 523 and 727 (the "Motion"). I held a hearing on the Motion and then took the matter under advisement. For the reasons set forth below, I deny the Motion.

The debtors, Robert G. Leedberg and Marylyn C. Leedberg (the "Debtors"), filed for relief under Chapter 7 on June 1, 1995.[1] On June 15, 1995, the Court mailed to the Debtors and all creditors a notice which indicated that the first meeting of creditors would take place on July 6, 1995 and the last day to file a complaint objecting to discharge/dischargeability of debt was September 5, 1995.

The Movants believe they have grounds to bring a complaint objecting to discharge or dischargeability of debt against Marylyn Leedberg based upon her alleged malfeasance while acting as an executrix of an estate. The Movants, with the exception of one, attended the meeting of creditors. At the meeting, many of the Movants were represented by counsel.

Despite the deadlines set forth in the Court's notice, the Movants failed to file a timely complaint objecting to discharge/dischargeability. They explain that they failed to comply with the deadlines on the grounds that the Court's notice and the role of the Trustee were confusing and their attorneys were unfamiliar with bankruptcy. By the Motion, the Movants ask that I grant them an extension *nunc pro tunc* to file a discharge/dischargeability complaint pursuant to 11 U.S.C. § 105, Fed.R.Civ.P. 60 and Fed. R.Bankr.P. 9024.

The final sentences of Fed.R.Bankr.P. 4007(c) provide that "[o]n motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." Fed. R.Bankr.P. 9006(b)(3) states that "[t]he court may enlarge the time for taking action under Rules ... 4007(c) ... only to the extent and under the conditions stated in those rules."

---

1. The Court accepts the facts in the Motion as true as the Debtor did not respond to the Motion

or appear in Court for the hearing on the Motion.

Fed.R.Bankr.P. 9024 makes applicable Fed. R.Civ.P. 60(b) to cases under the Bankruptcy Code with three exceptions not applicable here.

The Movants argue that Rule 9024 is applicable to this case because it states that Fed. R.Civ.P. 60 applies to all cases under the Code with three inapplicable exceptions. It appears at first blush that Movants are correct, but the Supreme Court has ruled otherwise.

In *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court stated as follows:

> Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c).

507 U.S. at 389, 113 S.Ct. *at* 1495.

Because of the dictates of *Pioneer,* I conclude that the deadline for a dischargeability/discharge action can only be extended pursuant to Fed.R.Bankr.P. 4007(c). As 4007(c) states that a extension of the deadline is only considered if the request is received before the deadline expires, a motion seeking relief *nunc pro tunc* must be denied.

These conclusions are amply supported by the case law of this circuit. *See e.g. Dole v. Grant (In re Summit Corp.),* 109 B.R. 534, 537 (D.Mass.1990) ("rule 4007(c) is strictly interpreted and applied."); *Hecht v. Hatch (In re Hatch),* 175 B.R. 429 (Bankr.D.Mass. 1994) (excusable neglect inapplicable and 4007(c) strictly applied); and *In re Gray,* 156 B.R. 707 (Bankr.D.Me.1993) (extension motion must be filed before deadline expires, 9006(b)(3) does not allow for excusable neglect).

For the reasons set forth above, I will enter a separate order denying the Motion.